Mr. Justice Colcock
delivered the opinion of the court*
In determining this case, I will inquire :
1st. What are the constitutional provisions in relation to the term of office ? Anil
2d. What are the provisi; ns of the constitution and laws, in relation to the power of appointment by the governor ?
The first section of the sixth article of the constitution declares, “ that the Judges of the Supreme Courts, Commissioners of the Treasury, Secretary' of State, and Surveyor-General, shall be elected by a joint ballot of both houses in the House of Representatives, and that the three latter shall hold their offices for four years, but shall not be eligible again for four years after the time for which they have been elected,
The second section declares that all other officers shall be appointed as heretofore, until otherwise directed by law. But sheriffs shall hold their offices for four years, and not be again eligible for four years after the term for which they have been elected. From which, it is obvious that the framers of the Constitution meant to leave to the legislature the power of appointing these officers in whatever manner they should think fit; but ordained a fixed and determinate time for which they should hold their offices. It was contended that the true construction 'of this second clause of the second section of the constitution is, that those who should be elected sheriffs should hold for four years, but not those who might be appointed.
But this'is absurd, for first, there is no difference made between the duties and responsibilities of the officer appointed and the officer elected. In either case, be is a sheriff, an officer known to the law. Why then should they have intended that the sheriff, elected by the legislature, should hold for four years, and that he who should be elected or appointed by the governor, or any other authority, should hold for a less time ? Again, they gave the *248 power of appointment, subject to the limitation as to the, term of office.
The argument of counsel is, that by exercising the pow-' ers given, they can also exercise that which was not given» By appointing, they can destroy the time for which the officer shall hold. This certainly was néver intended j the object and nature of the constitution are too well understood, and the wisdom of its framers too conspicuous to. admit of any such notion. As to some officers, thej thought it necessary to fix both, the manner of appointment and the term of office. As to others, (and among those, sheriffs,) it was conceived to be sufficient to limit the term of office, and leave to the legislature the mode of appointment. The framers of the constitution evidently use the words election and appointment as synonimous* “ All other officers shall be appointed.” In the very clause in which they are speaking of sheriff, of whom in the next line, they use the word elected, and-who were at that time chosen by the legislature. Again, in the oath of office» which applies to all, “ I swear that I am qualified, under the constitution, to exercise the office to which I have been appointed.” By the whole section then, it is clear that the sheriffs are to hold for four years, no matter how appointed.
In pursuance of the authority given by the constitutions the legislature in 1808, enacted, that the sheriffs should be elected by the people on the second Monday in January,, in each district, where a vacancy should take place ; and the same act gives to the governor the power of appointment, when the vacancies should not be filled by the people. The clause is in these words:
Be it enacted, That the governor shall have power, and lie is hereby required to fill up all vacancies in the office of sheriff that shall take place by death, resignation, removal out of the state, removal from or expiration of office of any person possessing the same, or by any election of sheriff being declared void by the managers as aforesaid, or where any two or more candidates shall have an equal number of votes, to hold under such appointment, until such time as *249 an ¿Lotion shall lake place, according to tlie provisions of ibis act, Mow it is contended that the latter words do control the power of appointment as to time, and ought to be construed i'o mean until the next ensuing January.- This would be contrary to the provision of the constitution, and consequently a void limitation of the governor’s power. I will not readily believe, however, that this was the intention of the-legislature ; they are equally bound with our¿ selves to respect the constitution, and never intentionally to violate its provision’s. I will, therefore, put such á construction on the act as will be most consistent with their duty, and the provisions of the constitution. I think the legislature did not intend to, interfere with the provisions of the constitution, as it relates to the term of office. The words which it is supposed limit the time for which the governor shall appoint, until the next succeeding January, do not in themselves warrant the construction : they are these, 44 To hold, under sucli appointment, until siich time as an election shall take place, according to the provisions of this act.” When does an election take place according to the provisions of the act ? "When there is a vacancy or will be one in the month of February, in airy district.— Nov/ the very question is, is there a vacancy? Until it be determined that there is a vacancy, there can be no election. All that was meant was to hold until the regular time of election shall come round, that is the January before the four years éxpired. This more fully appears' from an examination of the whole clause. If the legislature had given to the governor the power of filling such vacancies only as were occasioned by death or resignation, it might have been presumed that they intended him to fill up only the unexpired time; but when we perceive that he is authorized to appoint, at the 44 expiration of office,” if the people do not, are we not led to the irresistible conclusion that they meant he should appoint for four years ? As late as 1818, the legislature took this view of the subject in the case of Moses Mathews, who was appointed by the governor, but who had not been commissionecf in time. *250 In the acts of that year, page 59, it is said, “ and he the said Moses Mathews, shall be entitled to hold the said office for four years from the time of his appointmeut, as the constitution of this state requires.” Here is a legislative construction of the constitution.
But it is contended that from the whole act of Í808, taken together, it is manifest that it was the intention of the legislature to limit the term of office when there was an appointment by the governor. If such was the intention of the legislature, and is the meaning of the act, I have no hesitation in declaring it in that particular unconstitutional; for I am satisfied that the framers of the constitution intended that the office should endure for four years, and no longer, or a shorter period of time, where the incumbent lived, or did not remove out of the state, nor was not removed from office. And the appointment of the governor could continue for one year. The incumbent might af-terwards be elected for four years, and thus violate the constitution', by holding for five years, and if not re-elected, hold for one year, which would equally operate as a violation of its provisions. The arguments of inconvenience were pressed on the court, and are deserving of notice on that account, as well as because they are calculated to mislead.
It was said if the governor be allowed to appoint, for four years, it will entirely defeat the intended election by the people. If this consequence did result, it cannot prevent the court from a conscientious though unpleasant discharge of duty; but it is not correct in fact. Why not an election take place on the January preceding the determination of the incumbents term of office, as it does in those cases, where a sheriff is elected by the people l I can perceive nothing which prevents it. The elections always precede the time of the expiration of office, and may -as well be so in the case of appointment. The only difference may be that the successor may come into office at some -other time than the month of February, which is by no means important.
Clarke, for ¡the motion.
Williams & Mills¿ contra.
Another inconvenience urged was, that a sheriff may resign at the last moment of his term, and procure his friend to be appointed. This I do not think to be an inconvenience, for I shall always believe that the person who will fill the executive chair of this state, will not be under the influence of any man, but will act independently, and for the good of his country ; and the objection goes to the whole law, for it is clear that the power of appointment is given on resignation.
If it be desirable to restrain the exercise of this power in the governor, the legislature can do it at any moment.
This case has the support of authority also. A similar decision took place in the case of Harley, (1 Const. Rep. 267,) Lyles and Hutson, (ante, 238-240.)
The motion is therefore dismissed»
The case against Allen Barksdale, sheriff of Laurens, tried before me, is decided by this case. But as there is another point in that case which it may be important to determine, (to prevent its occurring again), .1 deem it proper to express an opinion on it at this time.' The managers of the election, in that case, had returned the said A. Barksdale duly elected, and we have determined that their decision is final and conclusive. (The State vs. Deliesseline, ante 52.) The only question then was, whether any particular number of the managers or all of them should have signed the certificate. It is ascertained that a. majority of the sitting members signed that return, which was certainly sufficient to have authorized the governor to have commissioned him for four years. His term, therefore, will expire at the regular period, in Feb. 1826, and an election may be held in the preceding January. This motion was also dismissed.
Justices Richardson and Johnson, concurred.